## No. 9101.

### ZULME HEARSEY AND HUSBAND VS. J. W. BATES, SHERIFF, ET AL.

Where the deceased owed no debts, and the claims against the succession are small and not urgent, an injunction by the beneficiary heirs or their representatives, restraining the instant sale of the property, will be maintained, if such heirs offer to pay the debts and legacies, or tender a sum sufficient to cover them.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge, *Sherburn*, J.

*K. A. Cross* for Plaintiffs and Appellants.

*Thos. B. Dupree* for Defendants and Appellees.

---

The opinion of the Court was delivered by

MANNING, J. After Mrs. Hearsey had appealed from the judgment appointing Garig dative executor of Mrs. Gusman's will, Garig applied

State ox rel. Geddes vs. Judge.

for leave to sell certain property for the payment of debts, and obtained it. The property thus designated for sale is the movables and three improved lots, the appraised value of which is near two thousand dollars.

There were no debts of the deceased. The claims against the succession were for funeral expenses, and of others not large amount, and not pressing. None of the holders of the claims appear to have presented them to the acting executor, and to have had them approved or recognized.

The application to sell property under these circumstances was premature, and exhibits an absence of prudent administration which properly provoked the interposition of Mrs. Hearsey and her husband, the parents of the residuary legatees. They enjoined the sale and avow their readiness to advance such sum as may be needful to pay these debts and charges.

The lower judge dissolved their injunction, but we shall maintain it.

The holders of claims against the succession had not taken the preliminary steps to the collection of them, and although they say they wanted payment, they had not put themselves in a position to enforce it. Code Prac. arts. 984–6. The legatees were not demanding payment. With no urgent claims requiring or necessitating an immediate sale of property, the executor might and should have deferred his application for the sale until the necessity for it arose, and this the more as his tenure of office might be cut short by the success of that opposition to his appointment, which was already prepared for the revision of this Court.

It is therefore ordered and decreed that the judgment of the lower court is reversed, and the injunction of the plaintiffs is maintained and perpetuated, and that they have judgment against the defendant George Garig for their costs in both courts.